## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWINA RICHARDSON,                    )
                                )
     Plaintiff,                      )
                                  )
     v.                              )
                                  )
TELESIS CORPORATION,                  )
                                  )
     Defendant.                      )
                                  )

Case: 1:07-cv-~~00559~~  *07560 ESH*
Assigned To : ~~Kennedy, Henry H.~~ *Judge Huvelle*
Assign. Date : 3/21/2007
Description: ~~INTERVET INC. v. MERIAL LIMITD.~~

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Telesis Corporation ("Telesis"), a Defendant in a civil action brought by Edwina Richardson ("Ms. Richardson" or the "Plaintiff"), and now presently pending as Civil Action No. 0001051-07 in the Superior Court of the District of Columbia hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the ground that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States. In support of its Notice of Removal, Telesis states as follows:

    1.     On February 26, 2007, Telesis received a copy of the summons and Amended Complaint, which was served on its resident agent, a true and correct copy of which is attached hereto as Exhibit 1. The action, which arises from Plaintiff's employment with Telesis and alleged discrimination on account of Plaintiff's race "and/or" sex in violation of the District of Columbia Human Rights Act ("DCHRA"), was brought in the Superior Court of the District of Columbia, styled and captioned exactly as above, and assigned Civil Action No. 0001051-07 (the "State Court Case"). Telesis timely served its Answer to the Complaint on Defendant on March 15, 2007, and filed with the D.C. Superior Court on March 20, 2007. A copy of the Answer is attached hereto as Exhibit 2.

2.     Telesis is the only named Defendant in the State Court Case. This Notice of Removal is timely because it is being filed within the statutorily allowed thirty (30) day period after the date Telesis was served with a copy of the initial pleading. 28 U.S.C. § 1446(b).

3.     In the State Court Case, Plaintiff pleads for relief for all compensatory and punitive damages, prejudgment interest, reasonable attorney's fees and costs and cites the District of Columbia Human Rights Act (DCHRA). Under the DCHRA, a prevailing plaintiff may obtain these remedies, including attorneys fees and costs. Additionally, Ms. Richardson's annual salary with Telesis was approximately $60,000. Therefore, if Ms. Richardson were to prevail in this case, her damages and fees would exceed $75,000 for alleged discrimination on account of Plaintiff's race and familial status arising from Plaintiff's employment with Telesis. *See* Complaint at p. 2, attached hereto as Exhibit 1.

4.     Pursuant to 28 U.S.C. § 1332, the Federal District Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

5.     As stated in the Complaint, Plaintiff resides in the District of Columbia. *See* Complaint, p. 1. Therefore, pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of the District of Columbia.

6.     Pursuant to 28 U.S.C. § 1332(c), Telesis is not a citizen of the District of Columbia. Telesis is incorporated in and maintains its principal place of business in the State of Maryland.

7.     Pursuant to 28 U.S.C. § 1332(a), upon information and belief as et forth in paragraph 3 above, Plaintiff seeks compensatory damages, punitive damages, prejudgment

interest, attorney's fees, and other costs against Defendant, purportedly in excess of $75,000.00. *See* Complaint at p. 2, attached hereto as Exhibit 1.

8.    Pursuant to 28 U.S.C. § 1441(a), this state court action may be removed to the Federal District Court, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and it is between citizens of different States.

9.    Under 28 U.S.C. § 1446(a), (b) and (d), the State Court Case may be removed to the United States District Court for the District of Columbia, the federal district court that embraces the District of Columbia within its jurisdiction. Promptly after filing of this Notice of Removal, written notice thereof will be given to Plaintiff, a true and correct copy of which is attached hereto as Exhibit 3. A true and correct copy of the Notice being filed with the Clerk of Superior Court of the District of Columbia, is attached hereto as Exhibit 4.

10.    True and legible copies of all process, pleadings, papers and orders that have been served upon Telesis in addition to the Complaint are attached hereto as Exhibit 5.

WHEREFORE, Telesis gives notice that the above-captioned action is removed from the Superior Court of the District of Columbia to this Court.

Dated:  March 21, 2007

Respectfully submitted,

Steven W. Ray
   D.C. Bar No. 416740
ISLER DARE RAY & RADCLIFFE, P.C.
1919 Gallows Road, Suite 320
Vienna, Virginia 22182
(703) 748-2690

Counsel for Defendant Telesis Corporation

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2007, a true and accurate copy of Defendant's Notice of Removal was served by first class mail, postage prepaid, upon:

Michael J. Hoare, Esq.
MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20003

Counsel for Plaintiff

Steven W. Ray

# EXHIBIT 1




## CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

EDWINA RICHARDSON
3306 4th St, SE
Washington, DC 20032  *Plaintiff*

vs.

Civil Action No. 0001051-07

TELESIS CORPORATION
c/o Registered Agent
Payal Tak          *Defendant*
10 China Rose Court
Rockville, MD 20850

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Michael J. Hoare
Name of Plaintiff's Attorney

1101 14th St., NW, Ste 750

Address
Washington, DC 20005

By _____
Deputy Clerk

202.408.7901
Telephone

FEB 23 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 05

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

EDWINA RICHARDSON )
3306 4th STREET, SE )
WASHINGTON, DC 20032 )
 )
PLAINTIFF, )
 )           CIVIL ACTION NO. 2007 CA 0001051 B
v. )
 )
TELESIS CORPORATION )
c/o Registered Agent )
Payal Tak )
10 China Rose Court )
Rockville, MD 20850 )

Comes now Plaintiff, and before any responsive pleading has been served, files this

Amended Complaint to properly identify the Defendant's registered agent.

## AMENDED COMPLAINT

Plaintiff brings this action for damages and other relief to remedy the discrimination she

experienced when Defendant terminated her employment.

### I. JURISDICTION

1.    Jurisdiction over this action is proper pursuant to the District of Columbia Human

Rights Act, D.C. Code §2-1403.16.

### II. FACTS

2.    Defendant is a Corporation in the business of providing employees to work for its

clients at the latter's work sites.

3.    Defendant assigned Plaintiff to work as an information technology specialist at the

1

United States Department of Homeland Security, Office of Customs Border Patrol/Air and

Marine, Office 6.4D, 1300 Pennsylvania Ave., NW, Washington, DC.

4.   Defendant summarily terminated Plaintiff's employment on February 14, 2006.

5.   Plaintiff is a female and an African American.

### III. CLAIM

### D.C. Human Rights Act-Discrimination

6.   Defendant terminated Plaintiff's employment at least in part because of her race
and/or sex.

7.   Defendant's conduct caused Plaintiff to experience emotional pain, suffering,
inconvenience, mental anguish and loss of enjoyment of life.

8.   Defendant's conduct was outrageous, malicious, wanton, reckless and/or in willful
disregard for Plaintiff's rights under the law.

9.   Defendant's conduct caused Plaintiff to incur obligations and expenses relating to
attorney's fees and litigation expenses.

10,   Defendant's conduct constituted unlawful discrimination within the meaning of
the District of Columbia Human Rights Act, D.C. Code §2-1402-11(a)(1), et. seq.

### IV. JURY TRIAL AND RELIEF

11,   Plaintiff demands her trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendant for all compensatory and

punitive damages, prejudgment interest, reasonable attorney's fees and costs herein expended,

and other relief as the Court deems just and proper.

2

Respectfully submitted,

Michael J. Hoare [DC Bar # 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20003
202-408-7901
202-408-7903 (fax)
Attorney for Plaintiff
email: mjh@michaeljhoare.com

3

# EXHIBIT 2

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

|                          |   |                              |
|--------------------------|---|------------------------------|
| EDWINA RICHARDSON        | ) |                              |
|                          | ) |                              |
|     Plaintiff, | ) |                    |
|                          | ) |                              |
| v.                       | ) | Case No. 2007 CA 0001051 B   |
|                          | ) |                              |
| TELESIS CORPORATION      | ) |                              |
|                          | ) |                              |
|     Defendant.  | ) |                    |

## ANSWER TO AMENDED COMPLAINT

Defendant Telesis Corporation ("Telesis"), by and through undersigned counsel, hereby denies, admits, and answers as follows in response to the Amended Complaint filed by Plaintiff Edwina Richardson ("Richardson") in the above-captioned matter.

### I.    JURISDICTION

1.    The allegations contained in Paragraph 1 of the Amended Complaint regarding jurisdiction are in the nature of a legal conclusion to which no answer is required.

### II.    FACTS

2.    Defendant admits the allegations contained in paragraph 2 of the Amended Complaint.

3.    Defendant admits the allegations contained in paragraph 3 of the Amended Complaint, except to state that when Plaintiff commenced her employment, she was assigned to a different location.

4.    Defendant denies the allegations contained in paragraph 4 of the Amended Complaint, other than to admit that it terminated Plaintiff's employment on February 14, 2006.

5.    Defendant is without personal knowledge of Plaintiff's race, but on information and belief Defendant admits Plaintiff is an African American.  Defendant admits that Plaintiff is a female.

### III.    CLAIM

6.    Defendant denies the allegations contained in paragraph 6 of the Amended Complaint.

7.    Defendant denies the allegations contained in paragraph 7 of the Amended Complaint.

8.    Defendant denies the allegations contained in paragraph 8 of the Amended Complaint.

9.    Defendant denies the allegations contained in paragraph 9 of the Amended Complaint.

10.    Defendant denies the allegations contained in paragraph 10 of the Amended Complaint.

### IV.    JURY TRIAL AND RELIEF

11.    Plaintiff's request for a jury trial is in the nature of a procedural request and does not require a response.  Defendant denies Plaintiff is entitled to any relief whatsoever.

### DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

On information and belief, Plaintiff was not injured in the manner or to the extent alleged.

2

### THIRD DEFENSE

Plaintiff has not alleged a sufficient factual basis to support an award of compensatory pain and suffering damages.

### FOURTH DEFENSE

Plaintiff's claim for damages must be dismissed, in whole or in part, because, on information and belief, Plaintiff failed to mitigate her damages.

### FIFTH DEFENSE

Plaintiff has not alleged a sufficient factual basis to support the awarding of punitive damages under the D.C. Human Rights Act.

### SIXTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Complaint because Telesis' actions were not outrageous, malicious, wanton, egregious, in bad faith, or in willful or reckless indifference or disregard of any legal rights of Plaintiff.

### SEVENTH DEFENSE

Plaintiff was terminated for legitimate, non-discriminatory reasons.

### EIGHTH DEFENSE

Telesis reserves the right to raise such other defenses as might become known by it in the course of discovery in this litigation.

**WHEREFORE,** Telesis asks that this Court enter judgment dismissing the Amended Complaint and awarding Telesis its attorneys' fees and costs of suit.

3

Dated:  March 15, 2007

Respectfully submitted,

Steven W. Ray
  D.C. Bar No. 416740
ISLER DARE RAY & RADCLIFFE, P.C.
1919 Gallows Road, Suite 320
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (f)
sray@islerdare.com

Counsel for Defendant Telesis Corporation

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2007, a copy of the foregoing Answer to Amended Complaint was sent by first class mail, prepaid postage, to:

> Michael J. Hoare
> 1101 14th St., N.W., Ste. 710
> Washington, D.C. 20003

Steven W. Ray

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

EDWINA RICHARDSON,       )
                                )

    **Plaintiff,**             )
                                )

    **v.**                     )     **Civil Action No.**
                                )

**TELESIS CORPORATION,**    )
                                )

    **Defendant.**            )
                                )

## NOTICE TO PARTIES OF REMOVAL OF ACTION TO THE
### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TO:               Michael J. Hoare, Esq.
                   MICHAEL J. HOARE, P.C.
                   1101 14th Street NW, Suite 710
                   Washington, D.C. 20003

                   Counsel for Plaintiff

PLEASE TAKE NOTICE that on March 21, 2007, a Notice of Removal of the above-entitled action from the Superior Court of the District of Columbia, to the United States District Court for District of Columbia, a copy of which Notice of Removal is served herewith, was filed in the United States District Court for the District of Columbia.

Dated:  March 21, 2007

Respectfully submitted,

Steven W. Ray
  D.C. Bar No. 416740
ISLER DARE RAY & RADCLIFFE, P.C.
1919 Gallows Road, Suite 320
Vienna, Virginia 22182
(703) 748-2690

Counsel for Defendant Telesis Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2007, a true and accurate copy of Defendant's Notice of Removal was served by first class mail, postage prepaid, upon:

Michael J. Hoare, Esq.
MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20003

Counsel for Plaintiff

Steven W. Ray

# EXHIBIT 4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

EDWINA RICHARDSON,                )
                                  )
    Plaintiff,            )
                                  )
    v.                    )    Case No. 2007 CA 0001051 B
                                  )
TELESIS CORPORATION,              )
                                  )
    Defendant.            )
                                  )

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE CLERK AND THE HONORABLE JUDGES OF THE SUPERIOR COURT OF THE

DISTRICT OF COLUMBIA:

    PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 (a) and

(b), Defendant Telesis Corporation ("Telesis") has removed this action to the United States

District Court for the District of Columbia, upon the filing of the Defendant's Notice of

Removal, a copy of which is attached hereto as Exhibit 1.

Dated: March 21, 2007                    Respectfully submitted,


                              Steven W. Ray
                                  D.C. Bar No. 416740
                              ISLER DARE RAY & RADCLIFFE, P.C.
                              1919 Gallows Road, Suite 320
                              Vienna, Virginia 22182
                              (703) 748-2690


                              Counsel for Defendant Telesis Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2007, a true and accurate copy of Defendant's Notice of Removal was served by first class mail, postage prepaid, upon:

Michael J. Hoare, Esq.
MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20003

Counsel for Plaintiff

Steven W. Ray

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDWINA RICHARDSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | |
| TELESIS CORPORATION, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

Defendant Telesis Corporation ("Telesis"), a Defendant in a civil action brought by Edwina Richardson ("Ms. Richardson" or the "Plaintiff"), and now presently pending as Civil Action No. 0001051-07 in the Superior Court of the District of Columbia hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the ground that the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States. In support of its Notice of Removal, Telesis states as follows:

1.      On February 26, 2007, Telesis received a copy of the summons and Amended Complaint, which was served on its resident agent, a true and correct copy of which is attached hereto as Exhibit 1. The action, which arises from Plaintiff's employment with Telesis and alleged discrimination on account of Plaintiff's race "and/or" sex in violation of the District of Columbia Human Rights Act ("DCHRA"), was brought in the Superior Court of the District of Columbia, styled and captioned exactly as above, and assigned Civil Action No. 0001051-07 (the "State Court Case"). Telesis timely served its Answer to the Complaint on Defendant on March 15, 2007, and filed with the D.C. Superior Court on March 20, 2007. A copy of the Answer is attached hereto as Exhibit 2.

2.      Telesis is the only named Defendant in the State Court Case.  This Notice of Removal is timely because it is being filed within the statutorily allowed thirty (30) day period after the date Telesis was served with a copy of the initial pleading.  28 U.S.C. § 1446(b).

3.      In the State Court Case, Plaintiff pleads for relief for all compensatory and punitive damages, prejudgment interest, reasonable attorney's fees and costs and cites the District of Columbia Human Rights Act (DCHRA).  Under the DCHRA, a prevailing plaintiff may obtain these remedies, including attorneys fees and costs.  Additionally, Ms. Richardson's annual salary with Telesis was approximately $60,000.  Therefore, if Ms. Richardson were to prevail in this case, her damages and fees would exceed $75,000 for alleged discrimination on account of Plaintiff's race and familial status arising from Plaintiff's employment with Telesis. *See* Complaint at p. 2, attached hereto as Exhibit 1.

4.      Pursuant to 28 U.S.C. § 1332, the Federal District Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

5.      As stated in the Complaint, Plaintiff resides in the District of Columbia.  *See* Complaint, p. 1.  Therefore, pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of the District of Columbia.

6.      Pursuant to 28 U.S.C. § 1332(c), Telesis is not a citizen of the District of Columbia.  Telesis is incorporated in and maintains its principal place of business in the State of Maryland.

7.      Pursuant to 28 U.S.C. § 1332(a), upon information and belief as et forth in paragraph 3 above, Plaintiff seeks compensatory damages, punitive damages, prejudgment

interest, attorney's fees, and other costs against Defendant, purportedly in excess of $75,000.00. *See* Complaint at p. 2, attached hereto as Exhibit 1.

8.      Pursuant to 28 U.S.C. § 1441(a), this state court action may be removed to the Federal District Court, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and it is between citizens of different States.

9.      Under 28 U.S.C. § 1446(a), (b) and (d), the State Court Case may be removed to the United States District Court for the District of Columbia, the federal district court that embraces the District of Columbia within its jurisdiction. Promptly after filing of this Notice of Removal, written notice thereof will be given to Plaintiff, a true and correct copy of which is attached hereto as Exhibit 3. A true and correct copy of the Notice being filed with the Clerk of Superior Court of the District of Columbia, is attached hereto as Exhibit 4.

10.     True and legible copies of all process, pleadings, papers and orders that have been served upon Telesis in addition to the Complaint are attached hereto as Exhibit 5.

WHEREFORE, Telesis gives notice that the above-captioned action is removed from the Superior Court of the District of Columbia to this Court.

Dated:  March 21, 2007                         Respectfully submitted,


                                               Steven W. Ray
                                                  D.C. Bar No. 416740
                                               ISLER DARE RAY & RADCLIFFE, P.C.
                                               1919 Gallows Road, Suite 320
                                               Vienna, Virginia 22182
                                               (703) 748-2690

                                               Counsel for Defendant Telesis Corporation

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2007, a true and accurate copy of Defendant's Notice of Removal was served by first class mail, postage prepaid, upon:

> Michael J. Hoare, Esq.
> MICHAEL J. HOARE, P.C.
> 1101 14th Street NW, Suite 710
> Washington, D.C. 20003
>
> Counsel for Plaintiff

Steven W. Ray

# EXHIBIT 5



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

EDWINA RICHARDSON
3306 4th STREET, SE
WASHINGTON, DC 20032

PLAINTIFF,

v.

TELESIS CORPORATION
c/o Registered Agent
Marilyn Melkonian
1101 30th Street, N.W., 4th Floor
Washington, DC 20007

FILED
CIVIL ACTIONS BRANCH

FEB 12 2007

Superior Court
of the District of Columbia
Washington, D.C.

CIVIL ACTION NO.

PLAINTIFF DEMANDS HER
TRIAL BY JURY

## COMPLAINT

Plaintiff brings this action for damages and other relief to remedy the discrimination she experienced when Defendant terminated her employment.

### I. JURISDICTION

1.    Jurisdiction over this action is proper pursuant to the District of Columbia Human Rights Act, D.C. Code §2-1403.16.

### II. FACTS

2.    Defendant is a Corporation in the business of providing employees to work for its clients at the latter's work sites.

3.    Defendant assigned Plaintiff to work as an information technology specialist at the United States Department of Homeland Security, Office of Customs Border Patrol/Air and Marine, Office 6.4D, 1300 Pennsylvania Ave., NW, Washington, DC.

1

4. Defendant summarily terminated Plaintiff's employment on February 14, 2006.

5. Plaintiff is a female and an African American.

## III. CLAIM

### D.C. Human Rights Act-Discrimination

6. Defendant terminated Plaintiff's employment at least in part because of her race and/or sex.

7. Defendant's conduct caused Plaintiff to experience emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

8. Defendant's conduct was outrageous, malicious, wanton, reckless and/or in willful disregard for Plaintiff's rights under the law.

9. Defendant's conduct caused Plaintiff to incur obligations and expenses relating to attorney's fees and litigation expenses.

10. Defendant's conduct constituted unlawful discrimination within the meaning of the District of Columbia Human Rights Act, D.C. Code §2-1402-11(a)(1), et. seq.

## IV. JURY TRIAL AND RELIEF

11. Plaintiff demands her trial by jury.

WHEREFORE, Plaintiff prays for judgment against Defendant for all compensatory and punitive damages, prejudgment interest, reasonable attorney's fees and costs herein expended, and other relief as the Court deems just and proper.

2

Respectfully submitted,

Michael J. Hoare [DC Bar # 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20003
202-408-7901
202-408-7903 (fax)
Attorney for Plaintiff
email: mjh@michaeljhoare.com

3

CA Form 1

# Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

```
EDWINA RICHARDSON
3306  4th Street, SE
Washington, DC  20032          Plaintiff
     vs.

TELESIS CORPORATION
c/o Registered Agent
Marilyn Melkonian             Defendant
1101 30th Street, NW, 4th Floor
Washington, DC  20007
```

Civil Action No. _____

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

```
Michael J. Hoare
```
Name of Plaintiff's Attorney
```
MICHAEL J. HOARE, P.C.
1101  14th Street, NW
```
Address
```
  Suite 710, Washington, DC 20005
```

By _____

Deputy Clerk

**FEB 1 2 2007**

```
 (202)  408-7901
```
Telephone

Date _____ February 12, 2007

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/Mav 03

# Superior Court of the District of Columbia
## CIVIL  DIVISION — CIVIL  ACTIONS  BRANCH

### INFORMATION  SHEET

Plaintiff EDWINA RICHARDSON

vs.

Defendant TELESIS  CORPORATION

Case Number: _____

Date: 2/12/2007

*Name:*
Michael  J.  Hoare
Firm Name:
MICHAEL  J.  HOARE,  P.C.
Telephone No.:        Unified Bar No.:
202.408.7901         206979

TYPE OF CASE:  ○ Non-Jury      ○ 6 Person Jury        ◉ 12 Person Jury

Demand: $ _____        Other: _____

Relationship  to  Lawsuit
◉ Attorney  for  Plaintiff
○ Self (Pro Se)
Other: _____

PENDING  CASE(S)  RELATED  TO  THE  ACTION  BEING  FILED

Case No. _____  Judge _____  Calendar # _____

Case No. _____  Judge _____  Calendar # _____

NATURE OF SUIT:  *(Check One Box Only)*

**A. CONTRACTS**

| | | COLLECTION  CASES |
|---|---|---|
| ☒ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 |
| ☐ 15 Other: | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Other: |
| ☐ 07 Shoplifting, D.C. Code § 3441 | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☐ 17 Personal Injury |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile | ☐ 12 Malicious Interference | ☐ 20 Other: |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical | |
| ☐ 08 Fraud | ☐ 16 Negligence | |

Form CV(6)-496-Feb. 95

2158807 CLIPPERK 02/16/2007 3:31:59 PM

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

EDWINA RICHARDSON
Vs.                                                    C.A. No.        2007 CA 001051 B
TELESIS CORPORATION

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date:  February 12, 2007
Initial Conference: 9:30 am, Friday, May 18, 2007
Location:  Courtroom A-50
                515 5th Street N.W.
                WASHINGTON, DC  20001

| Number | Status | Judge |
|---|---|---|
| 2007 CA 001051 B | Open | ANDERSON, JENNIFER M |

| In The Matter Of | Action |
|---|---|
| RICHARDSON, EDWINA  Vs. TELESIS CORPORATION | Complaint for Breach of Contract Filed |

| Party | | Attorneys |
|---|---|---|
| RICHARDSON, EDWINA | PLNTF | HOARE, Mr MICHAEL J |
| TELESIS CORPORATION | DFNDT | |

| Opened | Disposed | Case Type |
|---|---|---|
| 02/12/2007 | Undisposed | Civil II |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 02/23/07 | Alias Summons ISSUED ON  TELESIS CORPORATION    Filed  Receipt: 65503  Date: 02/23/2007 | 10.00 | 0.00 |
| | 02/16/07 | Issue Date:  02/16/2007<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $<br><br>TELESIS CORPORATION<br>1101 30th Street, NW<br>4th Floor<br>WASHINGTON, DC   20007<br>Tracking No: 5000027225 | 0.00 | 0.00 |
| 3 | 02/12/07 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 05/18/2007    Time: 9:30 am<br>Judge: ANDERSON, JENNIFER M    Location:<br>Courtroom A-50 | 0.00 | 0.00 |
| 4 | 02/12/07 | Complaint for Breach of Contract Filed<br>Receipt: 64833  Date: 02/12/2007 | 120.00 | 0.00 |

| | Totals By:  Cost | 130.00 | 0.00 |
|---|---|---|---|
| | Information | 0.00 | 0.00 |

*** End of Report ***

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

EDWINA RICHARDSON, )
)
Plaintiff, ) Civil Action No. 07 CA 0001051
)
v. ) Calendar 9
) Judge Jennifer M. Anderson
TELESIS CORPORATION, )
) Next Event:    May 18, 2007, 9:30 a.m.
Defendant. ) Initial Conference
)

### PLAINTIFF'S FIRST REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff, by and through counsel, requests that Defendant produce and permit Plaintiff's

counsel to inspect and copy the documents identified in the request attached hereto within the

time allowed by D.C. Super. Ct. Civ. R. 34.  Should Defendant or their counsel have any

difficulties with the Definitions, the Instructions, or any request(s) to produce, please contact

Plaintiff's counsel for clarification and assistance.  The requests are continuing in nature so as to

require supplementation and/or amendments in accordance with applicable rules and law.

### DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests

is intended to have the broadest meaning permitted under the Civil Rules.  As used in these

Requests, the following terms are to be interpreted in accordance with these definitions:

1.    *Concern/Concerning*:  The term "concern" or "concerning" means pertaining to,

referring to, describing, evidencing, or constituting.

2.    *Document*:  The terms "document" and "documents" are defined to be

synonymous in meaning and equal in scope to the usage of the term "documents" in Civil Rule

34(a) and include(s) the term "writing". Electronic mail, video tape, and other electronically

recorded media are included within the definition of the term "document". The terms "writing",

"recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to

the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate

document within the meaning of the term "document."

  3.  *Person*: The term "person" is defined as any natural person or any business, legal

or governmental entity or association.

  4.  *Defendant*: The terms "Defendant" and "Defendant" include the named

Defendant in this action and their respective agents, representatives and attorneys.

  5.  The present tense includes the past and future tenses. The singular includes the

plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and"

and "or." Words in the masculine, feminine or neuter form shall include each of the other

genders.

## INSTRUCTIONS

  1.  In responding to these Requests for Production, if Defendant encounters any

ambiguities when construing a request or definition, the response shall set forth the matter

deemed ambiguous and the construction used in responding.

  2.  Whenever in these Requests Defendant is asked to identify or produce a document

which is deemed to be properly withheld from production for inspection or copying:

    a.  If Defendant is withholding the document under a claim of privilege (including,

but not limited to, the work product doctrine), please provide a statement describing the document, communication, or other thing not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties or the Court to assess the applicability of the privilege or protection.

     b.     If <u>Defendant</u> is withholding the <u>document</u> for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, in addition to the information requested in ¶ 2.a. above, please state the reason for withholding each such document.

     3.     When a <u>document</u> contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which privilege is claimed. When a <u>document</u> has been redacted or altered in any fashion, identify as to each <u>document</u> the reason for the redaction or alteration, the date of the redaction or alteration, and the <u>person</u> performing the redaction or alteration. Any redaction must be clearly visible on the redacted <u>document</u>.

     4.     It is intended that these Requests will not solicit any material, protected either by the attorney/client privilege or by the work product doctrine, which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

     5.     If production of any requested <u>document(s)</u> is objected to on the grounds that production is unduly burdensome, please describe in detail the burden or expense of the proposed discovery.

3

## REQUESTS FOR PRODUCTION

1.    Please produce those <u>documents</u> <u>concerning</u> Plaintiff's personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of her employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records <u>concerning</u> each separation, whether such records are formally or informally kept.

2.    Please produce those <u>documents</u> <u>concerning</u> Carlos Martinez's personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of his employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records <u>concerning</u> his separation, whether such records are formally or informally kept.

3.    Please produce those <u>documents</u> <u>concerning</u> Carlos Martinez's duties and responsibilities while employed with <u>Defendant</u>, including any formal position descriptions and statement of duties and responsibilities.

4.    Please produce those <u>documents</u> <u>concerning</u> Tyrone Lewis' personnel records, including any application(s) for employment, background check(s), preemployment interviews and investigation(s), investigation(s) initiated after the commencement of his employment, disciplinary action(s) (whether proposed or executed), complaints (by or against), performance appraisals or evaluations, time and attendance records and records <u>concerning</u> his separation, whether such records are formally or informally kept.

4

5.    Please produce those <u>documents</u> <u>concerning</u> Tyrone Lewis' duties and responsibilities while employed with <u>Defendant</u>, including any formal position descriptions and statement of duties and responsibilities.

6.    Please produce those <u>documents</u> <u>concerning</u> Plaintiff's duties and responsibilities while employed with <u>Defendant</u>, including any formal position descriptions and statement of duties and responsibilities.

7.    Please produce  <u>documents</u> <u>concerning</u> <u>Defendant's</u> net worth.

8.    Please produce those <u>documents</u> identified in response to Plaintiff's Interrogatories Nos. 1(e), 1(f), 2(e), 2(f), 3(d), 4(c) and 5(d).

9.    Please produce those <u>documents</u> <u>concerning</u> any reason(s) known to <u>Defendant</u> as of February 14, 2006 to question Plaintiff's veracity.

10.    Please produce those <u>documents</u> <u>concerning</u> employee handbooks, manuals and/or other <u>documents</u> applicable at any time during the period of Plaintiff's employment and applicable to employees such as Plaintiff regarding the terms and conditions of their employment with Defendant.

11.    Please produce those <u>documents</u> <u>concerning</u> <u>Defendant's</u> organization chart relative to February 2006.

12.    Please produce those <u>documents</u> <u>concerning</u> any investigation or inquiry conducted in response to any complaint(s) regarding Plaintiff and/or her performance.

5

Respectfully submitted,

Michael J. Hoare [DC Bar #2069179]
Dennis Chong [DC Bar #471131]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W., Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (Fax)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of February 2007, I caused to be served, by Certified Mail, return receipt requested, with a copy of the Complaint, the foregoing Plaintiff's Request for Production of Documents to Defendant upon:

Telesis Corporation
c/o Registered Agent
Marily Melkonian
1101 30th Street, NW, 4th Floor
Washington, DC  20007

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of February 2007, I caused to be served, by Certified Mail, return receipt requested, with a copy of the Complaint, the foregoing Plaintiff's Request for Production of Documents to Defendant upon:

Telesis Corporation
c/o Registered Agent
Payal Tak
10 China Rose Court
Rockville, MD  20850

7

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| EDWINA RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07 CA 0001051 |
| | ) | |
| v. | ) | Calendar 9 |
| | ) | Judge Jennifer M. Anderson |
| TELESIS CORPORATION, | ) | |
| | ) | Next Event:   May 18, 2007, 9:30 a.m. |
| Defendant. | ) | Initial Conference |
| | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Pursuant to Civ. R. 33, Plaintiff, by and through counsel, propounds these Interrogatories, to which Defendant shall respond separately and fully, in writing and under oath, within the time prescribed by the Civil Rules of this Court, in accordance with those Rules and the Instructions and Definitions set forth hereinafter.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Civil Rules.

1. *Concerning*: The term "concerning" means pertaining to, referring to, describing, evidencing, or constituting.

2. *Defendant/Defendants*: The terms "Defendant" and "Defendants" are each singular and plural and include the Defendant(s), the person(s) to whom these requests are addressed, and all of Defendant(s)' agents, representatives and attorneys.

3. *Document*: The terms "document" and "documents" are defined to be

1

synonymous in meaning and equal in scope to the usage of the term "documents" in Civ. R. 34(a)

and include(s) the term "writing". Electronic mail and electronic data are included within the

definition of the term "document". The terms "writing", "recordings", and "photographs" are

defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R.

Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term

"document".

   4.    *Identify (with respect to persons)*: When referring to a <u>person</u>, to "identify" means

to state the <u>person</u>'s full name, present or last known address, and, when referring to a natural

<u>person</u>, additionally, the present or last known place of employment. If the business and home

telephone numbers are known to the answering party, said telephone numbers shall be provided.

Once a <u>person</u> has been identified in accordance with this subparagraph, only the name of the

<u>person</u> need be listed in response to subsequent discovery requesting the identification of that

<u>person</u>.

   5.    *Identify (with respect to documents)*: When referring to <u>documents</u>, to "identify"

means to state the: (i) type of <u>document</u>, (ii) general subject matter; (iii) date of the <u>document</u>;

and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the <u>document</u>.

   6.    *Person*: The term "person" is defined as any natural <u>person</u> or any business, legal

or governmental entity or association.

   7.    The present tense includes the past and future tenses. The singular includes the

plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and

all." "Including" means "including but not limited to." "And" and "or" encompass both "and"

and "or." Words in the masculine, feminine or neuter form shall include each of the other

2

genders.

## INSTRUCTIONS

1.      These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the Defendant as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

2.      These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3.      No part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4.      In accordance with Civ. R. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

a.      In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

b.      The following information should be provided in the objection, if known or reasonably available,

3

    i.     For oral communications:

          (1)    the name of the <u>person</u> making the communication and the names of those <u>persons</u>  present while the communication was made, and, where not apparent, the relationship of the <u>persons</u> present to the <u>person</u> making the communication;

          (2)    the date and place of the communication; and

          (3)    the general subject matter of the communication.

    ii.    For <u>documents</u>:

          (1)    the type of <u>document</u>,

          (2)    the general subject matter of the <u>document</u>,

          (3)    the date of the <u>documents</u>, and

          (4)    such other information as is sufficient to <u>identify</u> the <u>document</u>, including, where appropriate, the author, addressee, custodian, and any other recipient of the <u>document</u>, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5.    If <u>Defendant</u> elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and <u>identify</u>, as readily as the responding party can, the business records from which the answer may be ascertained.

6.    If, in answering these interrogatories, <u>Defendant</u> encounters any ambiguities when construing a question, instruction, or definition, the answer shall set forth the matter deemed

4

ambiguous and the construction used in answering.

## INTERROGATORIES

**Interrogatory No. 1.** Provide the following information separately for each <u>person</u> who initiated, participated in, contributed to, approved, or was consulted with respect to the decision to terminate Plaintiff's employment and who was at that time employed by Defendant:

      (a)    <u>Identify</u> the <u>person</u>;

      (b)    State his/her job title as of February 1, 2006;

      (c)    Describe the <u>person's</u> participation;

      (d)    State the date(s) of the <u>person's</u> participation;

      (e)    State whether the <u>person</u> reviewed or consulted any <u>document</u>(s) <u>concerning</u> his/her participation; and if affirmative, <u>identify</u> each such <u>document</u>;

      (f)    State whether the <u>person</u> generated or caused to be generated any <u>document</u>(s) (whether by dictation, directive or otherwise) <u>concerning</u> the <u>person's</u> participation; and, if affirmative, <u>identify</u> each such <u>document</u>; and,

      (g)    State whether the person is presently in <u>Defendant's</u> employ and, if not, state the date of any separation and the reason(s) known to any <u>Defendant</u> for the <u>person's</u> separation.

**Interrogatory No. 2.** Provide the following information separately for each <u>person</u> who initiated, participated in, contributed to, approved, or was consulted with respect to the decision to terminate Plaintiff's employment and who at that time was not employed by Defendant:

5

    (a)    <u>Identify</u> the <u>person</u>;

    (b)    State his/her job title as of February 1, 2006;

    (c)    Describe the <u>person's</u> participation;

    (d)    State the date(s) of the <u>person's</u> participation;

    (e)    State whether the <u>person</u> reviewed or consulted any <u>document</u>(s) <u>concerning</u> his/her participation; and if affirmative, <u>identify</u> each such <u>document</u>;

    (f)    State whether the <u>person</u> generated or caused to be generated any <u>document</u>(s) (whether by dictation, directive or otherwise) <u>concerning</u> the <u>person's</u> participation; and, if affirmative, <u>identify</u> each such <u>document</u>; and,

    (g)    State the person's employer as of February 1, 2005 and the person's most recent contact information.

**Interrogatory No. 3.** Provide the following information for each complaint and/or deficiency <u>concerning</u> Plaintiff and/or her performance which was known to <u>Defendant</u> as of February 14, 2006:

    (a)    <u>identify</u> any <u>person</u>(s) known to any <u>Defendant</u> who complained about Plaintiff and/or her performance;

    (b)    state the date of each complaint;

    (c)    describe the complaint and/or deficiency; and

    (d)    <u>identify</u> any <u>documents</u> generated in connection with any complaint(s) and/or any deficiency.

**Interrogatory No. 4.** For each statement, written or verbal, known to <u>Defendant</u> regarding this action or its subject matter, made by Plaintiff:

      (a)    state the substance of the statement, including the date and time of the statement;

      (b)    <u>identify</u> the <u>person</u>(s) to whom the statement was made;

      (c)    <u>identify</u> any <u>documents</u> <u>concerning</u> the statement.

**Interrogatory No. 5.** State whether there exists any insurance agreement under which any <u>person</u> carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment; if one exists:

      (a)    <u>identify</u> the <u>person</u> carrying on an insurance business;

      (b)    the limits of the insurance agreement;

      (c)    what deductible, if any, or self-insured retainer, if any, applies to the agreement; and

      (d)    <u>identify</u> any <u>documents</u> reflecting such an agreement.

Respectfully submitted,

_____
Michael J. Hoare, Esq. [D.C. Bar No. 206979]
MICHAEL J. HOARE, P.C.
1101 14th Street, N.W.
Suite 710
Washington, DC 20005
202.408.7901
202.408.7903 (fax)
Attorney for Plaintiff

7

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 15th day of February 2007, I caused to be served, by Certified Mail, return receipt requested, with a copy of the Complaint, the foregoing Plaintiff's Request for Interrogatories to Defendant upon:

               Telesis Corporation
               c/o Registered Agent
               Marily Melkonian
               1101 30th Street, NW, 4th Floor
               Washington, DC  20007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of February 2007, I caused to be served, by Certified Mail, return receipt requested, with a copy of the Complaint, the foregoing Plaintiff's Request for Interrogatories to Defendant upon:

Telesis Corporation
c/o Registered Agent
Payal Tak
10 China Rose Court
Rockville, MD  20850

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
EDWINA RICHARDSON

**DEFENDANTS**
TELESIS CORPORATION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____D.C.____
(EXCEPT IN U.S. PLAINTIFF CASES)   11001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MICHAEL J. HOARE
1101 14TH ST., N.W., SUITE 710
WASHINGTON, D.C. 20003

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00560
Assigned To : Huvelle, Ellen S.
Assign. Date : 03/21/2007
Description: RICHARDSON v. TELESIS CORP.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
- ☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)
**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ● 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
DISCRIMINATION ON THE BASIS OF RACE AND SEX AND RETALIATION UNDER THE D.C. HUMAN RIGHTS ACT.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    DEMAND$ UNSTATED    Check YES only if demanded in compl
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 3/21/07    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.