IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWINA RICHARDSON<br><br>PLAINTIFF,<br><br>v.<br><br>TELESIS CORPORATION,<br><br>DEFENDANT. | CIVIL ACTION NO. 1:07-cv-00560-ESH |

**PLAINTIFF'S MOTION FOR REMAND**

Plaintiff Edwina Richardson is a former employee of Defendant Telesis Corporation. On February 12, 2007, Plaintiff filed her Complaint in the District of Columbia Superior Court, Civil Action No. 2007 CA 001051 B. An Amended Complaint was filed on March 2, 2007, and Defendant filed its Answer on March 20.

On March 21, 2007, Defendant filed a "Notice of Removal to Federal Court" in the Superior Court simultaneously with a "Notice of Removal of Civil Action" in this Court. Defendant cites 28 U.S.C. §§ 1332, 1441 and 1446 as bases for this Court's jurisdiction, and argues that "the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different States." Notice of Removal of Civil Action, at 1.

Defendant's Notice is defective, and the Court should remand this matter to the Superior Court for the District of Columbia.

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies

outside this limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). A civil action initiated in a state court is properly removed to federal court only if the federal court has subject matter jurisdiction and the removing party complies with the procedural requirements of 28 U.S.C. § 1446. "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." Bhagwanani v. Howard Univ., 355 F. Supp.2d 294, 297 (D.D.C. 2005).

"Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed." Kopff v. World Research Group, LLC, 298 F. Supp.2d 50, 54 (D.D.C. 2003). Remand is "mandatory" if this Court lacks subject matter jurisdiction. See Republic of Venezuela v. Philip Morris, Inc., 287 F.3d 192, 196 (D.C. Cir. 2002). The defendant bears the burden of proving the propriety of removal, and if the defendant cannot meet this burden, the court must remand the case. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); National Org. for Women v. Mutual of Omaha Ins. Co., 612 F. Supp. 100, 101 (D.D.C. 1985) (Flannery, J.).

## ARGUMENT

### I. THERE IS NO BASIS FOR FEDERAL JURISDICTION OVER PLAINTIFF'S CLAIM OF WORKPLACE DISCRIMINATION GROUNDED ON DISTRICT, RATHER THAN FEDERAL, LAW.

The Amended Complaint as filed in the District of Columbia Superior Court alleges but one cause of action, under the heading "D.C. Human Rights Act - Discrimination." Plaintiff asserts that the actions alleged therein constitute "unlawful discrimination within the meaning of the District of Columbia Human Rights Act, D.C. Code §2-1402-11(a)(1), et seq." Amended

Complaint, at ¶ 10. The Amended Complaint also affirmatively alleges that jurisdiction in the Superior Court is proper "pursuant to the District of Columbia Human Rights Act, D.C. Code §2-1403.16." Id. at ¶ 1.

The allegations of the Amended Complaint therefore turn exclusively on matters of District law and not on federal law.[1] Defendant effectively concedes as much by not relying upon 28 U.S.C. § 1331 (federal question) as a basis for removal, instead relying on § 1332 (diversity of citizenship).[2] Thus, there is no federal question upon which this Court may properly exercise jurisdiction.

## II. THERE IS NO BASIS FOR FEDERAL JURISDICTION WHERE DEFENDANT CANNOT DEMONSTRATE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

This Court does not have diversity jurisdiction over this matter because Defendant has not met its burden of proving that the amount in controversy exceeds $75,000 as of March 21, 2007, the date of removal.[3] Where, as here, a removing party claims that removal is proper on the basis of diversity jurisdiction, the party seeking removal bears the burden of demonstrating that the amount of controversy exceeds $75,000, exclusive of interest and costs, at the time of removal. See 28 U.S.C. § 1332(a); St. Paul Mercury Indemnity Co., supra, 303 U.S. at 289-90

---

[1] The original Complaint filed by Plaintiff in the Superior Court likewise does not help Defendant establish federal court jurisdiction. Plaintiff filed an Amended Complaint only to correct the name of Defendant's registered agent, who was incorrectly identified in her original Complaint.

[2] Plaintiff includes this discussion only because subsection (b) of 28 U.S.C. § 1441, to which Defendant does cite, provides that actions "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removeable.

[3] Plaintiff does not challenge the proposition that she and Defendant Telesis are citizens of different States for purposes of the removal statute.

(1938); Kopff, supra, 298 F. Supp.2d at 57.  A federal court may not speculate as to whether the amount-in-controversy requirement is met, and all doubts are resolved in favor of remand.  See, e.g., Johnson-Brown v. 2200 M Street, LLC, 257 F. Supp.2d 175, 177 (D.D.C. 2003) ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand."); Nwachukwu v. Karl, 223 F. Supp.2d 60, 66 (D.D.C. 2002).

The Amended Complaint pleads damages in the form of "emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life," Amended Complaint at ¶ 7, and "attorney's fees and litigation expenses," id. at ¶ 9.  In addition, Plaintiff alleged the standard required for a finding of punitive damages.  See id. at ¶ 8.  In sum, Plaintiff seeks "all compensatory and punitive damages, prejudgment interest, reasonable attorney's fees and costs herein expended."  Id. at 2.  No ad damnum clause is included in the Amended Complaint.

Defendant, in removing this matter, alleges in a conclusory manner that the amount in controversy must exceed $75,000 because

> In the State Court Case, Plaintiff pleads for relief for all compensatory and punitive damages, prejudgment interest, reasonable attorney's fees and costs and cites the District of Columbia Human Rights Act (DCHRA).  Under the DCHRA, a prevailing plaintiff may obtain these remedies, including attorneys fees and costs.  Additionally, Ms. Richardson's annual salary at Telesis was approximately $60,000.  Therefore, if Ms. Richardson were to prevail in this case, here damages and fees would exceed $75,000 for alleged discrimination on account of Plaintiff's race and familial status [sic[4]] arising from Plaintiff's employment with Telesis. . . .

Notice of Removal of Civil Action, at ¶ 3.

---

[4] Plaintiff does not allege familial status as a basis for her action.

Defendant's allegations do not support its conclusion.

First, Defendant's allegation suggests that Plaintiff's salary while employed by Defendant is, standing alone, dispositive of the amount of damages that Plaintiff may be entitled to later recover should she prevail. Of course, this is not the case, as Plaintiff has a duty to mitigate her damages, and will therefore be unlikely to recover the entirety of her one-time $60,000 per year annual salary as back pay at the end of this suit. See Fogg v. Gonzales, 307 F. Supp.2d 79, 90 (D.D.C. 2005) ("A Title VII claimant has a statutory duty to mitigate damages."), citing Ford Motor Co. v. EEOC, 458 U.S. 219, 232 (1982).

Second, Defendant certainly cannot allege with any certainty what a jury would award Plaintiff, if anything, to compensate her for emotional distress and as punitive damages. Basing federal jurisdiction on such speculative damages would be improper. See, e.g., Kissi v. Daisytek, Inc., 1991 U.S. Dist. LEXIS 14372 (No. 91-1666) (D.D.C. Oct. 10, 1991) (Sporkin, J.) ("Such speculative damages, not plead in the complaint, are insufficient to meet the § 1332 amount in controversy requirement.").

Finally, Defendant did not and can not allege the amount of attorney's fees thus far expended by Plaintiff in pursuit of this litigation. As with the amount of emotional distress and punitive damages, this amount is wholly speculative and therefore should not be included in the § 1332 calculus. Moreover, the amount of attorney's fees that Plaintiff may expend in this matter is at least somewhat within the control of Defendant itself; a plaintiff's attorney's fees can be substantially driven upward by the litigation positions and strategies employed by the defendant employer.

The speculation Defendant requires that the Court undertake to decide the amount-in-

controversy requirement under § 1332 is unacceptable. The Court should reject Defendant's invitations to engage in such speculation and remand this matter to the Superior Court because the amount in controversy cannot be demonstrated to exceed $75,000.

WHEREFORE, Plaintiff respectfully suggests that this Court is without subject matter jurisdiction to hear this case, and requests that the Court remand this case to the District of Columbia Superior Court.

**LOCAL RULE 7(m) STATEMENT**

Plaintiff, through counsel (Dennis Chong), telephoned Defendant's counsel (Steven W. Ray), on March 27 to seek Defendant's position on the instant motion, and left Mr. Ray a voicemail indicting Plaintiff's intent to seek remand. Mr. Ray returned the call and spoke to Mr. Chong, and the parties were unable to reach an agreement on this issue.

Respectfully submitted,

/s/ MICHAEL J. HOARE
Michael J. Hoare [DC Bar # 206979]

/s/ DENNIS CHONG
Dennis Chong [DC Bar # 471131]

MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20005
202-408-7901
202-408-7903 (fax)
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWINA RICHARDSON

PLAINTIFF,

v.

TELESIS CORPORATION,

DEFENDANT.

CIVIL ACTION NO. 1:07-cv-00560-ESH

**ORDER**

Upon consideration of Plaintiff's Motion for Remand, and any opposition thereto, it is this ______ day of ________________________ 2007

ORDERED that the motion is GRANTED, and this matter shall be remanded to the Superior Court of the District of Columbia.

________________________________
Hon. Ellen S. Huvelle