IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWINA RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-00560-ESH |
| ) | |
| TELESIS CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendant Telesis Corporation ("Telesis"), by and through its undersigned counsel, hereby opposes Plaintiff Edwina Richardson's ("Ms. Richardson's") Motion to Remand this case to the Superior Court of the District of Columbia.[1] For the reasons described below, Plaintiff's claims are subject to federal subject matter jurisdiction and, therefore, Plaintiff's Motion for Remand should be denied.

### I.   FACTUAL BACKGROUND

Plaintiff filed a Complaint in the Superior Court of the District of Columbia on February 12, 2007, and an Amended Complaint on March 2, 2007. Plaintiff alleges that Telesis violated the District of Columbia Human Rights Act ("DCHRA") by terminating her employment, "at least in part because of her race and/or sex." Amended Complaint ¶ 6. Instead of alleging a damage amount, Plaintiff claims that "Defendant's conduct caused Plaintiff to experience emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life," in addition to "caus[ing] Plaintiff to incur obligations and expenses relating to attorney's fees and

---

[1] Telesis does not contest Plaintiff's argument that this case does not involve a federal question; rather, removal is proper based on diversity jurisdiction.

litigation expenses." Amended Complaint ¶¶ 7, 9. In her prayer for relief, Plaintiff seeks "all compensatory and punitive damages, prejudgment interest, reasonable attorney's fees and costs herein expended, and other relief as the Court deems just and proper."

## II.    LEGAL STANDARD

A case filed in state court in which federal courts have original jurisdiction may be removed to federal district court. *See* 28 U.S.C. § 1441. A federal district court has original jurisdiction over claims in which the amount in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). In this case, Ms. Richardson concedes that the parties are citizens of different states; therefore, the only issue before this Court is whether the amount in controversy in this action exceeds $75,000. As discussed below, because the Plaintiff deliberately omitted a specific dollar amount from the complaint to circumvent federal jurisdiction, the Defendant is entitled to show that the Plaintiff's claims are worth over $75,000 by a preponderance of the evidence. If this Court then determines that it is more likely than not that the amount in controversy exceeds $75,000, federal jurisdiction is proper and the Plaintiff's motion to remand should be denied.

## III.    ARGUMENT

### A.    Telesis should be afforded the opportunity to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Generally, in determining federal diversity jurisdiction, the complaint itself determines the amount in controversy. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573 (1961). To challenge this amount, a defendant must show that the amount alleged in the complaint was not in good faith by proving, to a "legal certainty," the true amount in controversy. *Id.*; *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 596 (1938). In contrast, if the complaint does not specify any dollar amount whatsoever, as

2

in this case, the defendant need only show by a "preponderance of the evidence" that the amount in controversy exceeds $75,000. *See Mcnutt et al. v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *General Elec. Capitol Corp. v. Limousines Unlimited LLC, et al.*, 2005 WL 3276279 (D.D.C. Aug. 2, 2005); *Williams, et al. v. Purdue Pharma Co., et al.*, 2003 WL 24259557 (D.D.C. 2003); *Bettis v. Montgomery*, 701 F.Supp.256, 258 (D.D.C. 1989); *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 509-10 (D.Md. 2002). The preponderance of the evidence standard "provides the proper balance between 'the defendant's right to remove and the federal interest in limiting diversity jurisdiction' . . . [and] safeguards the defendant's statutory right of access to the federal forum." *Penn, et al. v. Wal-Mart Stores, Inc. et al.*, 116 F.Supp.2d 557 (D.NJ. 2000). The defendant has a lower burden of proof where the complaint does not specify damages "because there is simply no estimate of damages to which a court may defer." *Momin*, 205 F.Supp.2d at 510 (citing *Gafford v. General Elec. Co.*, 997 F.2d 150 (6th Cir. 1993).

This Court denied a motion for remand based on the preponderance of the evidence standard in *Williams, et al. v. Purdue Pharma Co., et al.*, 2003 WL 24259557 (D.D.C. 2003) (Collyer, J.). In *Williams*, the plaintiffs filed a class-action lawsuit in state court, seeking "$1,500 per violation" of the District of Columbia Consumer Protection and Procedures Act and a variety of other unspecified damages. The defendants removed the case to federal district court, noting that the claims potentially involved 5,000-10,000 plaintiffs. *Id.* at *5. The court applied the preponderance of the evidence standard and denied the motion for remand, explaining that "while the complaint is carefully drawn to try to avoid federal jurisdiction, the plaintiffs have described their remedy broadly enough to meet the requirements of § 1332 and to allow defendants to remove the case to federal court." *Id.*

3

To establish the requisite amount in controversy by a preponderance of the evidence, the Court may consider evidence regarding the amount of potential damages. This Court evaluated such evidence in *Williams*, discussed *supra*, as well as in *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506 (D.Md. 2002). In *Momin*, the plaintiffs filed an action in state court alleging breach of contract and violation of a state statute. *Id.* at 507. The complaint alleged $23,000 in addition to unspecified attorney's fees and damages. *Id.* The defendant removed the case to federal court, and the plaintiffs filed a motion for remand, arguing that, in addition to the amount alleged, the amount of attorney's fees was too speculative to meet the $75,000 mark. *Id.* at 510.

The court held that it would allow the parties to submit "summary judgment type evidence of facts in controversy that support a finding of the requisite amount" to determine the amount in controversy. *Id.* (quoting *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The court suggested: "One way of accomplishing this might be for each side to present to the court *in camera* their billing records for the case thus far; another is for the court to allow the defendant limited discovery on the question of attorneys' fees." *Id.*; *see also General Elec. Capitol Corp. v. Limousines Unlimited LLC, et al.*, 2005 WL 3276279 at *1 (D.D.C. Aug. 2, 2005) (Lamberth, J.) (applying a preponderance of the evidence standard where a plaintiff seeks to retain federal jurisdiction, and, "[i]n determining whether the [party] has met his burden, the court may look to materials beyond the pleadings"). Likewise, this Court should afford Telesis the opportunity to submit evidence regarding Plaintiff's damages so that the Court can make an informed decision regarding removal.

**B.      Remand should be denied in this case on the grounds that the removal statute would be meaningless if lawsuits filed in state court could circumvent removal by omitting damages.**

If a plaintiff filing a claim in state court could avoid removal by neglecting to specify a dollar amount in damages, defendants would never have the right to remove cases to federal court. The removal statute was originally enacted in 1789 so that out of state defendants would not be prejudiced by local court rules or bias. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 286 fn. 3 (1938); *Gafford v. General Elec. Co.* 997 F.2d 150, 158-59 (Ky. 1993). Moreover, once a defendant exercises the right to removal, the statute provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (1996). Thus, "a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable . . . ." *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 508 (D.Md. 2002). A plaintiff who intentionally files a vague complaint to avoid federal jurisdiction should not be permitted to shield the court from evidence of damages, or else "the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *St. Paul Mercury Indemnity Co.*, 303 U.S. at 194.

Ms. Richardson argues that federal jurisdiction is not proper in this case because "plaintiff will be unlikely to recover" her $60,000 salary as back pay, and that her ability to recover other damages and attorney's fees is too speculative. At this stage of the litigation, Plaintiff's assertion that she is "unlikely" to recover $75,000 is equally speculative; thus, the Defendant should be able to provide evidence to the Court indicating otherwise. Such evidence could include, but is not limited to, Plaintiff's interrogatory answers and documents produced in

5

response to discovery propounded regarding Plaintiff's damages.[2] Additionally, the DCHRA potentially awards a prevailing party damages including injunctive relief, civil penalties ranging from $10,000-$15,000, compensatory damages, attorney's fees, and back pay. *See* D.C. Code §§ 2-1403.07, 2-1403.13, 2-1403.16(b); see also *Momin*, 205 F.Supp.2d 506, 509 (stating that the amount in controversy includes attorney's fees where they are provided by the state statute sued upon). The Defendant should be afforded the opportunity to present evidence to the court substantiating its argument that the Plaintiff's claims will likely exceed $75,000.

## IV.   CONCLUSION

Wherefore, Defendant Telesis respectfully submits that Plaintiff's motion for remand is without merit and should be denied.

Dated: April 9, 2007                    Respectfully submitted,

/s/ Steven W. Ray

Steven W. Ray
D.C. Bar No. 416740
ISLER DARE RAY & RADCLIFFE, P.C.
1919 Gallows Road, Suite 320
Vienna, Virginia 22182
(703) 748-2690

Counsel for Defendant Telesis Corporation

---

[2] On March 30, 2007, Telesis served on Plaintiff five interrogatories and two document requests limited solely to the issue of Plaintiff's damages, copies of which are attached hereto as Exhibits A and B, respectively.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2007, a true and accurate copy of Defendant's First Set of Interrogatories was served by first class mail, postage prepaid, and facsimile upon:

>Michael J. Hoare, Esq.
>MICHAEL J. HOARE, P.C.
>1101 14th Street NW, Suite 710
>Washington, D.C. 20003
>
>Counsel for Plaintiff

_____
Steven W. Ray

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWINA RICHARDSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TELESIS CORPORATION,<br><br>    Defendant. | Civil Action No. 1:07-cv-00560-ESH |

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant Telesis Corporation ("Telesis"), by and through undersigned counsel, hereby requests pursuant to Rule 33 of the Federal Rules of Civil Procedure that Plaintiff Edwina Richardson ("Ms. Richardson") answer the following interrogatories in writing under oath and serve such answers upon counsel for Telesis, Isler Dare Ray & Radcliffe, P.C., 1919 Gallows Road, Suite 320, Vienna, Virginia 22182, within the time prescribed by the Federal Rules of Civil Procedure.

### I. INSTRUCTIONS

    A.    Objection will be made at the time of trial to any attempt to introduce evidence that is sought by these discovery requests and to which no disclosure has been made. Plaintiff's failure to timely respond to any of these requests will result in waiver of objections.

    B.    In answering the discovery requests which follow, furnish all information in the possession of Plaintiff and Plaintiff's agents, representatives, employees, investigators, attorneys or anyone acting on Plaintiff's behalf and not merely such information personally known to Plaintiff. If Plaintiff cannot answer the following discovery requests in full, after exercising due diligence to secure the information to do so, so state, answer to the fullest extent possible, state the reason for Plaintiff's inability to answer the remainder and state whatever information or knowledge the Plaintiff has concerning the unanswered portions.

    C.    With respect to each interrogatory to which a claim of privilege is asserted, separately state the following: (a) the type of communication, information or document to which a claim of privilege is being asserted; (b) the basis of any claim of privilege; (c) if work-product immunity is being asserted, identify the proceeding for which the document was prepared; (d)

with respect to each document or communication to which a claim of privilege is being asserted, state: (i) its date; (ii) the name, business address and present position of its originator(s) or author(s); (iii) the position of its originator(s) or author(s) at the time the communication was made or the document was prepared; (iv) the name, business address and present position of each recipient of the communication or document; (v) the position of each recipient at the time the communication or document was prepared, and the time it was received; and (vi) a general description of the subject of the communication or document.

        D.      If any response is given that states an objection to the interrogatories on any ground, state said grounds completely. If the interrogatory is only partly objectionable, respond to the remainder of the interrogatory as set forth above.

## II.　DEFINITIONS

        A.      "Communication" or "communicate" shall mean: any oral or written contact, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted and transferred. It includes, but is not limited to, statements, or any action or gesture transmitting information, beliefs, thoughts, or attitudes, made by one person to, or in the presence of, one or more persons, or any documents delivered by one person to one or more persons, such as meetings, telephone conversations, discussions, reports, executive summaries, briefings and oral requests for information. Identify the person making the statement, actions or gestures or delivering a document, the person or persons to whom it was made or delivered and all persons in whose presence it was made or delivered.

        B.      "Identify" or "identity" shall mean: (a) when used with respect to an individual, state the full name of said person, the name and address of said person, the name and address of his or her present employer, and his or her job title; (b) when used with respect to any entity other than an individual, state its full name, the present address and telephone number of the principal place of business of such entity, as well as the identity of each person who acted on its behalf with respect to the subject matter of the interrogatory; (c) when used with respect to a document, state at least the following information with respect to each document: (i) the title, heading or caption of such document, if any; (ii) the identifying number(s), letter(s), or combination(s) thereof, if any, contained on such document and the significance and meaning of such number(s), letter(s), or combination(s) thereof; (iii) the date appearing on such document, or if no date appears thereon or if the date the document was prepared is different from the date appearing thereon, the answer shall so state and give the date, or approximate date on which the document was prepared; (iv) the general nature or description of such document (*i.e.* whether it is a letter, memorandum, etc.) and the number of pages of which it consists; (v) the identity of the person who signed such document or, if it was not signed, the answer shall so state; (vi) the identity of the person or persons who prepared the document if different from the person or persons who signed it; (vii) the identity of each person to whom such document was addressed and the identity of each person, other than such addressee, to whom such document, or a copy thereof, was sent or given or who received it, or a copy thereof; and (viii) the identity of the person who has custody of such document.

The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced, and to permit a determination to be made when such document is produced that it is in fact the document so described.

In lieu of such description, you may produce copies of such documents; however, if you produce copies, you shall state in reference to each such document: (i) the date such document was prepared and the identity of the person(s) who prepared it; (ii) the identity of each person(s) to whom such document was sent or given and by whom it was received; (iii) the identity of the person(s) who now has custody of each document; and (iv) the interrogatory or interrogatories to which the document is responsive.

      C.      The words "describe" or "state," or the phrases "describe in detail" or "state in detail" shall mean, in the case of an act, transaction, thing or occurrence: (a) state fully such act, transaction, relationship, thing, or occurrence by a reference to underlying facts rather than to ultimate facts or conclusions of law, including complete references to: (i) dates; (ii) places; (iii) person involved; (iv) matter or means employed; (b) identify your source(s) of information concerning such act, transaction, relationship, thing or occurrence including the date on which you received such information; (c) identify and describe each document relating to, referring to, or evidencing such act, transaction, relationship, thing or occurrence; (d) specify each document so identified which you intend to offer into evidence, specifying the particular acts, transactions, relationships, thing or occurrences in connection with which the offer is to be made; (e) identify each person having knowledge of such act, transaction, relationship, thing or occurrence; (f) specify each person so identified whom you intend to call as a witness, indicating the particular acts, transactions, relationships, things or occurrences in connection with which each person is expected to testify.

      D.      "Document(s)" shall mean: originals, drafts, and all non-identical copies and reproductions of: records, papers; correspondence; written communications (including internal and external communications); reports; directives; computer print-outs or tapes; summaries, records, notes or memoranda of telephone conversations; summaries, records, notes, motions, reports, memoranda or minutes of personal conversations, interviews, conferences or meetings; executed agreements and all other forms of understanding; memoranda; instructions; projections; tabulations; notes; notebooks; diaries; telephone logs; calendars; appointment books; travel and expense records; worksheets; receipts; vouchers; books of account (including ledgers, sub-ledgers, journals, sub-journals, vouchers, receipts, invoices and billings and all other financial records); bank records and statements; canceled checks and all vouchers or retained copies, and all debit memos or other banking advises and written bank communication; manuals; books; pamphlets; brochures; circulars; telegrams; cablegrams; tape recordings; transcripts; newspaper or magazine clippings; all non-identical drafts of each document listed above; and other items on which information has been recorded or stored.

      E.      "Relating to" means pertaining to, with respect to, recording, evidencing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning, or referring to.

F.  The term "person" as used herein means and includes any natural person, firm, association, corporation, partnership, or other legal entity or organization separately identifiable.

G.  Whenever used herein, the singular shall include the plural and vice versa.

H.  Whenever used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information.

I.  As used herein, the term "you" or "your" refers to Plaintiff Edwina Richardson.

J.  "Telesis" means the Defendant, Telesis Corporation, and any individual who is or has been employed by or a contractor of Telesis.

K.  As used herein, "Complaint" or "Amended Complaint" refers to the Complaint or Amended Complaint in the above-captioned action, *Edwina Richardson v. Telesis Corporation*, Civil Action No. 2007 CA 0001051 B.

### III.  INTERROGATORIES

#### INTERROGATORY NO. 1

With regard to any damages to which you contend you are entitled as a result of Telesis' alleged conduct, please itemize each element of damage (i.e., backpay, front pay, compensatory damages, special damages, punitive damages, etc.) and provide the basis for your calculation of each such item of damages, including any attorneys' fees incurred to date in this matter.

#### INTERROGATORY NO. 2

Please describe in detail any medical treatment that you received as a result of injuries sustained from your employment with Telesis, and please identify each and every health care provider, including any mental health professionals, from whom you sought treatment at any time in the period from February 2004 until the present. For each such instance of medical treatment, please identify and describe the reason for which you sought such treatment, any medications prescribed for you by each health care provider or mental health professional, and the time periods during which you took each such medication.

#### INTERROGATORY NO. 3

With respect to your contention in Paragraph 7 of the Amended Complaint that you have suffered "emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life," please state each and every fact that relates to or supports your allegations, including, without limitation, all physical manifestations of your alleged emotional distress, and identify each and every document that reflects, references, or pertains to your allegations.

### INTERROGATORY NO. 4

Please describe in detail each and every act you took to secure employment following the termination of your employment with Telesis, including the identity of each employer with whom you sought employment, the nature of the employment sought, the date upon which you sought such employment, the manner in which you sought such employment, and any persons with whom you communicated regarding such employment.

### INTERROGATORY NO. 5

Identify the source and amount for each source from which you received income from February 2004 to the present including, but not limited to, employers, self-employment, unemployment benefits and investment income. Identify and produce each and every document relating to these sources of income.

Dated: March 30, 2007                           Respectfully submitted,

*[signature]*
Steven W. Ray
  D.C. Bar No. 416740
ISLER DARE RAY & RADCLIFFE, P.C.
1919 Gallows Road, Suite 320
Vienna, Virginia 22182
(703) 748-2690

Counsel for Defendant Telesis Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWINA RICHARDSON,      )<br>                         )<br>    Plaintiff,         )<br>                         )<br>    v.                   )<br>                         )<br>TELESIS CORPORATION,     )<br>                         )<br>    Defendant.           )<br>_____) | Civil Action No. 1:07-cv-00560-ESH |

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Telesis Corporation ("Telesis"), by and through undersigned counsel, hereby requests pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff Edwina Richardson produce the following documents at the offices of Isler Dare Ray & Radcliffe, 1919 Gallows Road, Suite 320, Vienna, Virginia 22182 for inspection and copying, within the time prescribed by the Federal Rules of Civil Procedure.

### I. DEFINITIONS AND INSTRUCTIONS

A. Document. As used herein, "document" shall be understood to apply to any kind of written, typewritten, printed or recorded material whatsoever, including, but without limitation: recordings; papers; correspondence; written communications (including internal and external communications); reports; directives; computer print-outs or tapes; summaries, recordings, notes or memoranda of telephone conversations; summaries, recordings, notes, or memoranda of personal conversations, interviews, conferences or meetings; executed agreements and all other forms of understanding; memoranda; instructions; projections; tabulations; notes; notebooks; diaries; telephone logs; calendars; travel and expense records (including ledgers, sub-ledgers, journals, sub-journals, vouchers, receipts, invoices and billings and all other financial records); bank records and statements; canceled checks and all vouchers or retained copies; debit memos or other banking devises or similar written communication; all financial notes, mortgages and security instruments; manuals; books; pamphlets; brochures; circulars; telegrams; cablegrams; transcripts; newspaper or magazine clippings; letters; reports; telegrams; publications; contracts; recordings or transcriptions of recordings; and business records. As used herein, the term "document" shall also include, without limitation, originals, duplicates, all copies, all other non-identical copies (with or without notes or changes

thereon) no matter how prepared, drafts, working papers, routing slips and similar materials.

B. Possession, Custody or Control. Each request contained in this First Request For Production of Documents extends to any documents in the possession, custody or control of Plaintiff. A document is deemed to be in Plaintiff's possession, custody or control, if it is in Plaintiff's physical custody, or if it is in the physical custody of any other person and Plaintiff (a) owns such document in whole or in part; (b) has a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) has an understanding, express or implied, that Plaintiff may use, inspect, examine or copy such document on any terms; or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when Plaintiff has sought to do so. Such documents shall include, without limitation, documents that are in the custody of Plaintiff's attorney(s) or other agents.

C. Communication shall mean: any oral or written statement, or any action or gesture transmitting information, beliefs, thoughts, or attitudes, made by one person to, or in the presence of, one or more persons, or any documents delivered by one person to one or more persons.

D. As used herein, the term "you" or "your" refers to Plaintiff Edwina Richardson.

E. Whenever used herein, the singular shall include the plural and vice versa.

F. Whenever used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information.

G. "Relate to" or "relating to" means pertaining to, with respect to, recording, evidencing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, concerning, or referring to.

H. As used herein, "Complaint" or "Amended Complaint" refers to the Complaint or Amended Complaint in the above-captioned action, *Edwina Richardson v. Telesis Corporation*, Civil Action No. 2007 CA 0001051 B.

I. "Defendant" or "Telesis" means the Defendant Telesis Corporation, and any individual who is or has been employed by or a contractor of Telesis.

J. Plaintiff is required by Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court to serve a written response to these requests stating, with respect to each request, whether inspection will be permitted. If any request is objected to, the reasons for said objection must be stated. All objections are waived if not stated in Plaintiff's written response to these requests.

K.  With respect to each document to which a claim of privilege is asserted, separately state the following: (a) the type of document; (b) its date; (c) the name, business address and present position of its originator(s) or author(s); (d) the position of its originator(s) or author(s) at the time the document was prepared; (e) the name, business address and present position of each recipient of the document; (f) the position of each recipient at the time the document was prepared, and the time it was received; (g) a general description of the subject matter of the document; (h) the basis of any claim of privilege; and (i) if work-product immunity is asserted, the proceeding for which the document was prepared.

L.  Each paragraph and subparagraph herein should be construed independently and not be referenced in any other paragraph or subparagraph of this document request for purposes of limitation.

M.  This request for documents shall be deemed to be continuing and Plaintiff is required to supplement her document production with any document requested herein that is unavailable to Plaintiff at the time of the production called for, but which subsequently becomes available to Plaintiff or to any of her attorneys, agents or representatives up to the conclusion of the proceedings herein.

## II. DOCUMENT REQUESTS

### REQUEST NO. 1

Please produce any and all documents identified or referenced in your Answers to Defendant's First Set of Interrogatories.

### REQUEST NO. 2

Please produce any and all documents relating to any damages whatsoever (*i.e.*, emotional, physical, financial, etc.) you purportedly sustained as a result of the conduct alleged in the Complaint or Amended Complaint, including medical records and bills for treatment you received as a result of injuries (mental, physical or otherwise) allegedly sustained.

Dated: March 30, 2007                                Respectfully submitted,

_____
Steven W. Ray
D.C. Bar No. 416740
ISLER DARE RAY & RADCLIFFE, P.C.
1919 Gallows Road, Suite 320
Vienna, Virginia 22182
(703) 748-2690

Counsel for Defendant Telesis Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2007, a true and accurate copy of Defendant's First Request for Production of Documents was served by first class mail, postage prepaid, and facsimile upon:

>Michael J. Hoare, Esq.
>MICHAEL J. HOARE, P.C.
>1101 14th Street NW, Suite 710
>Washington, D.C. 20003

>Counsel for Plaintiff

>_____
>Steven W. Ray

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2007, a true and accurate copy of Defendant's Opposition to Motion to Remand was served by first class mail, postage prepaid, upon:

> Michael J. Hoare, Esq.
> MICHAEL J. HOARE, P.C.
> 1101 14th Street NW, Suite 710
> Washington, D.C. 20003
>
> Counsel for Plaintiff

_____
Steven W. Ray