IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWINA RICHARDSON ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO. 1:07-cv-00560-ESH |
| v. ) | |
| ) | |
| TELESIS CORPORATION, ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR REMAND**

Defendant's argument, if accepted, would mean that every case of employment discrimination filed in the Superior Court for the District of Columbia involving citizens of different jurisdictions and a claim under the District of Columbia Human Rights Act would be removable at Defendant's will unless the Plaintiff pleads and can prove the value of her claims is less than $75,000. Defendant's argument ignores the settled law that if it seeks removal, the burden of proof is on Defendant to prove the requisite propositions. Defendant has not satisfied the requisite propositions and cannot do so. The case should be remanded.

Despite Defendant's protestations, this case does not neatly lends itself to ready calculation of damages. "Compensatory damages," as framed in the Amended Complaint, relates to "emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life." Amended Complaint, at ¶ 7. It is unreasonable for Defendant to expect Plaintiff to be able to put a dollar amount to such "soft damages." This amount is traditionally within the jury's purview. Indeed, it is improper in the District of Columbia for counsel to suggest to the jury that it award a

1

particular dollar value in compensation for damages which are not readily quantifiable. See District of Columbia v. Colston, 468 A.2d 954 (D.C. 1983).[1]

With respect to Plaintiff's claim for back pay, and for purposes of this motion, Plaintiff states (and will be willing to verify same in interrogatory responses as appropriate) that, following her termination, she secured alternative employment, making as much or more than she was earning at Defendant. Plaintiff computes her lost wages as of March, 2007, to be approximately $11,600.[2]

Finally, Defendant asserts that attorney's fees in this matter will likely drive the value of this case over $75,000. Again, this is highly speculative. At this stage in the litigation, it is unclear how much effort will be required to litigate this case. Moreover, as noted in Plaintiff's motion, her attorney's fees is not necessarily a factor that is entirely within her control; if Defendant decides to pursue a "scorched earth" litigation strategy, then Defendant would necessarily drive up Plaintiff's attorney's fees. Using this speculative calculation, especially

---

[1] Plaintiff denies Defendant's unfounded allegation that she "deliberately omitted a specific dollar amount from the complaint to circumvent federal jurisdiction." Def.'s Opp'n, at 2; see also id. at 5 (referencing "[a] plaintiff who intentionally files a vague complaint to avoid federal jurisdiction"). Defendant is not in a position to state what Plaintiff's reasons were for not including a specific dollar amount in her Complaint. It would be impossible for Plaintiff to responsibly guess as to what her recovery would be in any event.
    The fact that this case involves pain and suffering damages distinguishes it from the other cases cited by Defendant in its opposition. Williams v Purdue Pharma Co., 2003 U.S. Dist. LEXIS 19268 (D.D.C. Feb. 27, 2003), for example, relies at least partially upon the availability of a liquidated sum of $1,500 per violation and the potential class of 5,000 to 10,000 pain sufferers affected by the litigation.

[2] Plaintiff submits this information to avoid excessive motions practice on this issue; she does note, however, that Defendant's assertion that Plaintiff's claim that she would not recover the full $75,000 per annum in back pay as "equally speculative" to Defendant's contrary claim (Def.'s Opp'n, at 5) fails to take into account that the burden is on Defendant, not Plaintiff, to prove using non-speculative evidence that the amount in controversy would exceed $75,000.

where Defendant has significant power over how much attorney's fees may be expended, to calculate amount in controversy would be manifestly unfair to Plaintiff and would defeat her right to choose her forum.

WHEREFORE, Plaintiff respectfully requests that her motion to remand be granted and this matter returned to the Superior Court of the District of Columbia.

Respectfully submitted,

/s/ MICHAEL J. HOARE
Michael J. Hoare [DC Bar # 206979]

/s/ DENNIS CHONG
Dennis Chong [DC Bar # 471131]

MICHAEL J. HOARE, P.C.
1101 14th Street NW, Suite 710
Washington, D.C. 20005
202-408-7901
202-408-7903 (fax)
Attorneys for Plaintiff